David Campbell, Special J.,
delivered the opinion of the Court.
The writ in this case commands the Sheriff to summon O. W. Hening, A. L. Allensworth, E. Tum-ley, and Thompson Anderson, to answer the Memphis, Clarksville & Louisville Bailroad Company, in an action to its damage, seven hundred dollars. It was returned, served on A. L. Allensworth and E. Tumley and Thompson Anderson, and not found as to 0. W. Hening.
The delaration is for five hundred dollars, due the plaintiff from the defendant, for a note executed by A. T. Allenworth and 0. W. Hening, on the 20th day of August, 1859, payable to defendant, Edward Tumley, on the 3d day of January, 1860, and by *329 him indorsed to defendant, T. Anderson, and by him indorsed to C. Q-. Smith, Treasurer of the Memphis, Clarksville & Louisville Railroad Company — said note payable at the Bank of Tennessee, at Clarksville. And the plaintiff says, there is due from the defendant, on said note, five hundred dollars, with interest from first of January, 1860, and protest fees.
At the January Term, 1861, the plaintiff entered a nolle prosequi as to defendant, Hening, and took judgment by default against the other defendants, for the sum of five hundred and two dollars, debt, in the declaration mentioned, as stated in the entry of the judgment, and thirty-one dollars and twenty-five cents interest thereon.
From this judgment Tumley alone, appealed in error to this Court.
First, It will be observed, from the statements of the declaration, which have been quoted above, that there is in the declaration no avermént of presentation for, and demand of payment, and of notice of non-payment, to the indorsers. To render them responsible, the note should, at maturity, have been presented for payment, and demand of payment made; and if the same was not paid, notice of the non-payment, given to the indorsers. The averment of these facts in the declaration, was an essential one; and without such averment, there is not sufficient facts appearing in the record to sustain the plaintiff’s recovery against the defendant, Tumley, as an indorser. The utmost effect of the judgment by default, in -any view of the matter, is, an admission of the facts stated in the *330 declaration of the plaintiff’s ground of action; and as these facts of presentment, non-payment and notice, are not stated in the declaration, the judgment by default cannot be held to have been admitted by them. The consequence is, that the plaintiff has neither-stated nor established such a state of facts as showed he had a legal right to recover against the defendant, Tumley, as an indorser. For this reason, the judgment of the Court below must be reversed, and the cause remanded for another trial. Even in cases where there are verdicts, such a defect as the one in the present case, is not cured thereby: State vs. Aiken, 7 Yer., 268, 270. Want of title is not cured in any case by verdict; defective averments are; because it is presumed that, although the allegations are not made with entire certainty'and precision, they were proved to the satisfaction of the jury. But this rule cannot be so used as to dispense with an averment material to the plaintiff’s right of action: Greer vs. Bumpass, Martin & Yer., 94, 101. But in the case of the judgment by default, there is not, as to one? founded upon a verdict of a jury, any foundation for a presumption by which the judgment may be aided. The case stands upon the record alone, and if that fails to show such a state of facts as gives the plaintiff a right to judgment against the defendant, for want of the averment of facts ma-r terial and essential to establish his right of action-against the defendant, there is nothing to authorize a Court to presume the omitted facts existed. In view of the very great liberality of intendment in favor of the proceedings of inferior Courts, since the adoption *331 of our Code, the Court would, probably, in a case of judgment by default, in which the statement of a plaintiff’s cause of action in his declaration was only a defective statement of such cause of action, feel authorized to sustain the judgment,' Code, section 2864: “No writ of error, or other proceeding in civil actions, in the Supreme Court of this State, shall be quashed or dismissed for any defect, omission or imperfection.” Code, section 2865: “All demurrers, motions in arrest of judgment, writs of error for matters of form in civil suits, are abolished.” . Code, section 2866: “In immaterial variances, errors, omissions or defects in all these cases, may be disregarded, or the Court may direct an amendment without cost.” Code, sec. 2867: “The Court may allow material amendments at any stage of the proceedings, upon such terms, and subject to such rules, as it may prescribe.” Code, sec. ■ 2969: “No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, or for want of proper averments in the pleadings.”
These broad and ample provisions of the Code, fully authorize the Court to disregard all immaterial variances, errors, omissions or defaults, upon the trial of a writ of error, or an appeal in the nature of a writ of error, from a judgment by default; and within this category, a cause of action defectively stated in the declaration, might be held to fail. But these provisions do not authorize it to sustain a judgment by default, in a case in which there is an omission in the plaintiff’s declaration to state any cause of action against the defendant.
*332 It is, therefore, constrained to reverse the judgment in the present case. But in view of the fact, that the facts which were omitted to he stated in the declaration, may exist, the Court will only reverse the judgment by default, and remand the cause for a trial upon its merits, with leave to the plaintiff to amend the declaration.